the conviction" (*id.* at 245). This was so even though the defendant did not establish that he would have declined to plead guilty if he had known about the postrelease supervision.

While defendant's sentence here, including postrelease supervision, was actually less than the maximum potential period of incarceration that she agreed to serve, this case is still indistinguishable from *Catu*. At the time defendant pleaded guilty, she did not possess all the information necessary for an informed choice among different possible courses of action because she was not told that she would be subject to mandatory postrelease supervision as a consequence of her guilty plea. Accordingly, defendant's decision to plead guilty cannot be said to have been knowing, voluntary and intelligent.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur in memorandum.

Order reversed, etc.

CATHOLIC CHARITIES OF THE DIOCESE OF ALBANY et al., Appellants, v GREGORY V. SERIO, as Superintendent of Insurance, Respondent.

Submitted June 19, 2006; decided June 29, 2006

Motion by American Jewish Congress et al. for leave to file a brief amici curiae on the appeal herein granted and the proposed brief is accepted as filed.

CATHOLIC CHARITIES OF THE DIOCESE OF ALBANY et al., Appellants, v GREGORY V. SERIO, as Superintendent of Insurance, Respondent.

Submitted June 19, 2006; decided June 29, 2006

Motion by New York Civil Liberties Union et al. for leave to file a brief amici curiae on the appeal herein granted. Two copies of the brief may be served and 24 copies filed within 10 days.